68 U.S. 311
 17 L.Ed. 595
 1 Wall. 311
 UNITED STATES
v.
D'AGUIRRE.
 December Term, 1863
 
 APPEAL by the United States from the District Court for the Southern District of California; the case being thus:
 D'Aguirre, in right of his wife Donna Maria Estudillo, claimed a tract of land in California under a grant from the Mexican Government. The tract was parcel of a larger tract, known as the 'Rancho of Old and New San Jacinto.' Two grants had been made of parts from this general tract; the surplus embracing, in fact, about eleven leagues, being that which was claimed by the respondent.
 Having presented a petition to the Board of Commissioners, appointed by act of March 3d, 1851, to ascertain and settle private land claims in California, for a confirmation of his claim, D'Aguirre's title as it appeared before the board was thus:
 His original petition to the prefect for the land, made in behalf of his wife, set forth 'that there was remaining a 'sobrante,' or surplus,' in the tract or rancho of San Jacinto, and that his wife 'requiring the said remnant, . . . solicited the prefect's assistance to obtain the mentioned land, the extent of which was about five leagues' within the limits of the known rancho of San Jacinto, the general plat of which is in the office of the Secretary of State, and shown in its total extent that it is bounded thus: north by the ranchos of Jurupa and San Bernardino, south by Temecula, west by Unapia, and east by Gorgonia.' The petition continued: 'Your honor will also cause previous observations to be taken.'
 The petition to the prefect was followed by the report of that officer to the governor upon it. The report says: 'The land petitioned for is that remaining vacant from the land of the Old and New San Jacinto, and which is bounded by the lands mentioned in the petition; and the copy of the plat, which I have under my eyes, proves to be correct with the original which exists in the government.' The document proceeds: 'Inasmuch as it does not appear to be strange property, that which is claimed as part overplus, and never to have been the same declared, &c., it seems to me that there can result no obstacle to this concession. Notwithstanding that which is represented, your excellency, with more prudence, will resolve upon that which becomes its superior will.'
 Next followed,——
 THE CONCESSION OF THE GOVERNOR, PIO PICO.
 ANGELES, May 9, 1846.
 Having seen the petition with which commences this espediente, the report, & c., with the rest that has been reported, and finding the whole in conformity with the laws and regulation, &c., I declare to Donna Maria Estudillo d'Aguirre the property in fee of the land remaining in Old and New San Jacinto, conformably as shows the general map, which agrees with all the antecedents. Let the respective title be delivered to the claimant, and let this espediente be reserved to submit to the approbation of the most excellent Assembly, &c.
 PIO PICO.
 JOSE MATIAS MORENO, Secretary.
 Coming after this document of 'Concession' was, what is called the Grant, a document from the same governor, Pio Pico, in substance reciting that D'Aguirre, in the name of his wife, had solicited for her, 'the overplus land resulting from the rancho of Old and New San Jacinto, concerning which, the investigations being previously made' the governor proceeds to say, 'I have decreed this day that it be conceded to her, the mentioned land, declaring to her the property of the same in fee by these present despatches.' The document continues:
 'She shall solicit the respective judge to give her juridical possession in virtue of this decree, thereby establishing the boundaries with the necessary landmarks.
 'The land of which donation is made to her, is that which remains as overplus in the ranchos of Old and New San Jacinto, as will appear by the general map of both ranchos, and which corresponds with their espedientes.
 'The magistrate who shall give the possession shall have it surveyed conformably to the ordinanza, commencing the surveys from the boundaries of Jose Antonio Estudillo and of Don Miguel de Pedrorena, and he will advise the government of the number of (sitos de ganado mayor) square leagues it contains.'
 Next came the report of the Committee on Vacant Lands, which, declaring that D'Aguirre's petition in relation to the tract remaining as overplus, having been granted to him in conformity with the laws on the subject-matter, the said concession 'of the tract which remains as overplus from the ranchos of Old and New San Jacinto is approved.' An approval by the 'most excellent Departmental Assembly of the foregoing decree' concluded the title of D'Aguirre.
 The surplus which D'Aguirre had asked for, representing its extent as being about five leagues, more or less, contained in fact, as already mentioned, about eleven leagues.
 The question was, of course, as to the amount embraced by the grant; that is to say, whether D'Aguirre's representation in his petition for the 'surplus,' that its extent was five leagues, more or less, would confine the grant to a surplus containing but five leagues, or whether the grant would carry the entire 'surplus' in its full meaning, though that surplus contained eleven. The board of commissioners considered that it only carried five, and rejected D'Aguirre's claim for the entire surplus of eleven. But on appeal, the District Court was of a different opinion, and confirmed the claim; giving to D'Aguirre the surplus remaining within the boundaries of the general tract, to the extent of eleven square leagues, unless there was less than eleven within such boundaries, in which case of such less quantity the confirmation was limited to it. It was from this decree that the United States took the present appeal.
 Mr. Wills, for the United States: There has been here, to say no more, such plain misconception on the part of the Mexican government as to what it was granting—that misconception being brought about by misrepresentation of facts on the part of D'Aguirre—that the court will withhold its aid. Certainly the quantity of land which the government would convey entered largely into its determination, whether it would or would not convey it all; and when D'Aguirre represented that the 'sobrante' or surplus contained five leagues or perhaps less, when in fact it contained more than double the amount of five, there is such error as the court will relieve against. The surplus is but the subject of the grant, and justice will be done by giving five leagues in the surplus described.
 
 
 1
 In The United States v. Fossat,[1] this court decided that where there is no natural boundary or descriptive call for the termination of lines of a tract of land, and the quantity called for in the grant is 'one league of the larger size, a little more or less,' the survey must include only a league. The words 'a little more or less must be rejected.' It is also decided, in Yontz v. The United States,[2] that the generality of the grant may be sustained by the words of the petition; that the petition and the concession must be taken as one act, and the extent of the grant limited by the prayer of the petition. In that case the grant was limited to the two leagues prayed for in the petition.
 
 
 2
 Mr. Williams, contra: The papers in the case iterate and reiterate that the grant is for the surplus. There is not in one of them, except in the petition itself, which also is for the 'surplus,' an allusion to quantity; and the petitioner requests the Mexican government to take 'observations' previously to granting. Every part of the case shows also, that the government proceeded not less advisedly than it did in every case.
 
 
 3
 The cases cited do not apply. The decision in The United States v. Fossat was, that the call in the grant for 'one league, a little more or less,' must be taken as 'one league' when located and surveyed by the United States. In the case at bar no quantity is named in the grant, and the only limitation is that prescribed by the colonization law, namely, eleven leagues.
 
 
 4
 In Yontz v. The United States, the petitioner confined his application to 'two leagues, a little more or less.' The grant named no quantity, but reserved the surplus. The surplus of what? Clearly of the two leagues applied for. But there is no reservation of the surplus in the grant to D'Aguirre. On the contrary, the petition was for the surplus, which surplus he estimated at five leagues, a little more or less. The distinction is plain.
 
 
 5
 Mr. Justice FIELD delivered the opinion of the court:
 
 
 6
 The only question for consideration in this case relates to the quantity embraced by the grant to the claimant. The District Court confirmed her title to lands lying within certain designated boundaries, not exceeding in extent eleven square leagues, if any surplus over that quantity existed. The United States seek to restrict the confirmation to five square leagues, and base their appeal on the language of the petition upon which the grant was made. It appears from the record that two previous grants had been issued for land situated within a track known as the 'Rancho of Old and New San Jacinto,' and that a surplus still remained. For this surplus the petition was presented, and to the description of the land which it gives, these words are added: 'the extent of which is about five leagues, more or less.' It is upon these words, as showing that the petition was only for five leagues, that the counsel of the government rely. But it is evident that they constitute a mere conjectural estimate of the extent of the surplus. The petition is for the grant of a specific tract, not for any particular quantity. The report of the prefect, to whom the petition was in the first instance presented, to be forwarded to the governor, describes the land 'as that remaining vacant from the Old and New San Jacinto,' and does not mention its extent. The concession of the governor declares to the claimant, 'the property in fee of the land remaining in Old and New San Jacinto,' and does not designate any quantity. The formal grant issued recites that the claimant has solicited 'the overplus land resulting from the rancho of Old and New San Jacinto,' and the third condition annexed describes the land 'of which donation is made,' in similar terms.
 
 
 7
 It is clear upon the face of the papers that the original concession and formal grant were for the entire surplus remaining within the designated boundaries, subject only to the limitation imposed by the colonization law of 1824, upon the power of the governor. As he could only cede to the extent of eleven square leagues, the grant could only convey that quantity whatever the amount of the overplus.
 
 
 8
 The case of The United States v. Fossat,[3] and the case of Yontz v. The United States,[4] have no application. In the Fossat case the grant was in terms restricted to one league, and it provided for the measurement of the quantity granted and the reservation of the surplus. In the case at bar no quantity is named, and the only limitation is that prescribed by the law of 1824. In the Yontz case the grantee expressly confined his application 'to two leagues, more or less,' according to certain designated boundaries. The grant did not mention any quantity, but provided for the measurement of the tract and the reservation of the surplus. The court in deciding the case very justly observed, that if the boundaries were conclusively defined in the grant, no surplus could be thrown off by a survey, and therefore construed the grant in connection with the petition, and held that the two leagues mentioned in the petition were to be surveyed within the larger tract; in this way only was the conditional clause as to measurement and surplus made consistent with the previous language of the grant. The case at bar is entirely dissimilar. Here the grant mentions no quantity, and reserves no surplus, but on the contrary the third condition expressly requires the magistrate who gives possession to advise the government of the number of square leagues the tract may contain.
 
 
 9
 DECREE AFFIRMED.
 
 
 
 [1]
 20 Howard, 413.
 
 
 [2]
 23 Id., 498.
 
 
 [3]
 20 Howard, 413.
 
 
 [4]
 23 Id., 499.